O:\MAXWELL FILES\Reid, Trustee (Neville)\Coleman, Johnny F (May 2006)\fee app\AttFeeapp v2.doc
06-101-010

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JOHNNY F. COLEMAN, | ) | No. 05-62267 |
| | ) | Hon. Jack B. Schmetterer |
| | ) | Chapter 7 |
| Debtor. | ) | |

**COVER SHEET FOR APPLICATION FOR
PROFESSIONAL COMPENSATION**
(Appendix to Rule 607)

Name of Applicant: ANDREW J. MAXWELL AND MAXWELL LAW GROUP, LLC, f/k/a MAXWELL & POTTS, LLC.

Authorized to Provide
Professional Services to: N. NEVILLE REID, TRUSTEE

Date of Order Authorizing Employment: May 18, 2006

Period for Which
Compensation is sought: May 18, 2006 through the end of the case

Amount of Fees Sought: $14,651.98[1]

Amount of Expense
Reimbursement Sought: $372.06

This is: an Interim Application ___; a Final Application X

The aggregate amount of fees and expenses *paid* to the Applicant to date for services rendered and expenses incurred herein is:

$ -0-

                                                                                Applicant: Andrew J. Maxwell and Maxwell Law
                                                                                Group, LLC f/k/a Maxwell & Potts, LLC

---

[1] The Applicant has earned $26,644 in fees for this case but is limiting his allowance to $14,651.98 in order to facilitate settlement of the Pritchett claim.

BY:  /s/ Andrew J. Maxwell
(Local Bankruptcy Rules as adopted 24 June 1994: Page 107)

Case 05-62267    Doc 90    Filed 03/11/11    Entered 03/11/11 14:51:03    Desc Main
Document      Page 2 of 9

BY:  /s/ Andrew J. Maxwell
(Local Bankruptcy Rules as adopted 24 June 1994: Page 107)

06-101-010

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JOHNNY F. COLEMAN, | ) | No. 05-62267 |
| | ) | Hon. Jack B. Schmetterer |
| | ) | Chapter 7 |
| Debtor. | ) | |

## APPLICATION OF COUNSEL FOR THE TRUSTEE FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

Andrew J. Maxwell and Maxwell Law Group, LLC., f/k/a Maxwell & Potts, LLC (collectively "Applicant"), counsel for the Trustee N. Neville Reid ("Trustee"), pursuant to 11 U.S.C. §§327-330 and Fed.R.Bankr.P. 2016, submit the following as their Application of Counsel for the Trustee For Allowance of Compensation and Reimbursement of Expenses ("Application"):

1. This case was commenced by Debtor's voluntary filing of a petition for relief under Chapter 7 of the Bankruptcy Code on October 16, 2005.[2]

2. N. Neville Reid ("Trustee") was appointed to serve as the Chapter 7 Trustee in the Debtor's case, has qualified, and has been acting as such.

3. By order dated May 18, 2006, this Court authorized the employment of Applicant to serve as counsel for the Trustee. Applicant has received no previous award of compensation or reimbursement of expenses.

4. Applicant requests $14,651.98 in compensation for actual and necessary legal services rendered on behalf of the estate, and reimbursement of actual and necessary expenses in

---

[2] The filing date is particularly significant because it was immediately before the effective date of most of the provisions of the significant amendments to the United States Bankruptcy Code enacted by Public Law 109-8. Immediately prior to the effective date of the amendments, case

the amount of $372.06.

5.　The first meeting of creditors took place on April 27, 2006. Applicant assisted the Trustee to expeditiously and efficiently investigate and administer this estate. Legal analysis was required immediately in this case to protect the estate's interests. Applicant assisted the Trustee in the investigation of the Debtor's assets to determine if the Debtor fully and accurately disclosed his assets, appropriately valued those assets, appropriately claimed exemptions under Illinois law, and whether there were any lien claims against those assets.

As discovered in this case, there was good reason to evaluate Debtor's representation of his assets and the debt allegedly secured by those assets. Debtor's Schedule A, which was not filed with the Court until April 6, 2006, over six months after the bankruptcy case was filed, listed ownership interest in two parcels of real estate commonly known as 7329 and 7331 South Claremont, Chicago, Illinois (collectively, the "real estate"). Unfortunately, by the time the schedule disclosing the real estate was filed, the real estate had been sold by Debtor, as described below, notwithstanding the pendency of the bankruptcy case.

In addition, at or about the time of the first meeting of creditors, Trustee learned that a third parcel of real estate had been sold at foreclosure sale in Cook County and that surplus proceeds were being held by the Circuit Court (the "Foreclosure Sale Proceeds"). Both Debtor and Marilynn Pritchett, who alleged she was the 'equitable' owner of the foreclosed real estate and therefore the Foreclosure Sale Proceeds, were seeking the Court to pay over the Foreclosure Sale Proceeds to them. Trustee requested Applicant to protect the estate's interests in the Foreclosure Sale Proceeds. Applicant filed in the Circuit Court an application to obtain the Foreclosure Sale Proceeds and successfully prosecuted that application and, after some delay,

---

filings soared, resulting in long delayed creditors' meetings, among other ramifications.

obtained the Foreclosure Sale Proceeds for the Trustee.

Trustee's and Applicant's investigation after the first meeting of creditors discovered that subsequent to the filing of the Bankruptcy Case, on or about November 1, 2005, the Debtor purported to convey and transfer title to the real estate to Linton Johnson, III ("Johnson") without leave of or permission from the Court and without notice to or permission from the Trustee (the "Post-Petition Sale"). In a sworn affidavit dated July 15, 2008, the Debtor averred that Johnson was a friend and business partner of Debtor's son Michael Smith ("Smith"), and that Smith had received all of the net proceeds of the Post-Petition Sale totaling $101,193.94 ("Sale Proceeds").

Although Debtor's Schedule C claimed his "homestead" exemption against the 7329 real estate, pursuant to Illinois statute, in response to Applicant's questions the Debtor testified that the 7329 real estate was not his residence.[3] Applicant prepared, filed, and presented Trustee's Objection to Homestead Exemption requesting the entry of an order disallowing the Debtor's claimed "homestead" against the 7329 real estate. This Court entered an Order disallowing the claimed exemption on May 18, 2006.

Applicant further prepared, filed, and presented Trustee's Motion to Compel Debtor to Deliver Property of the Estate seeking this Court to order Debtor and Michael Smith immediately to deliver to or at the direction of the Trustee the Sale Proceeds. Debtor failed to cooperate with Trustee or to turn over the Sale Proceeds. This court entered its Order granting the Motion to Compel Turnover on June 19, 2008.

During the time after Trustee learned of the existence of the real estate and the Sale

---

[3] The Debtor testified that he had not lived at the 7329 real estate for 5-6 years. The Debtor also testified that he has been renting an apartment for about that same length of time at the location specified on the first page of Form B1 of Debtor's bankruptcy petition, *i.e.* 7923 S. Throop, Chicago, IL.

Proceeds, Applicant negotiated with Johnson, Debtor, Smith, and others in an effort to effect a resolution of the dissipation of the equity as result of the sale and to recover for the estate as much of the Sale Proceeds as possible. Eventually, Applicant was able to negotiate a settlement with the Debtor and Michael Smith. Applicant thereafter prepared, filed, and presented Trustee's Motion for Authority to Enter Into Settlement Agreement and for Other Relief requesting entry of an order authorizing and approving the compromise of this Chapter 7 case on the terms and conditions set forth in the settlement agreement; the Court granted the relief sought and approved the settlement.

Further, Applicant negotiated a compromise with Marilynn Pritchett, a claimant that filed an amended claim in the amount of $16,896, asserting that the claim was secured by the Foreclosure Sale Proceeds, generated by sale at foreclosure of certain real estate formerly owned by the Debtor that was sold at a foreclosure sale on or about January 25, 2006 ("Pritchett Claim").[4] As part of the settlement, Ms. Pritchett further agreed to reduce her unsecured claim to $8000 and Applicant agreed to limit allowance of his earned fees and expenses in this case in order to enable payment in full of such amount.

Applicant also prepared, presented, and obtained approval of Applicant's employment and advised the Trustee in regard to professionals needed by the estate. Applicant prepared and will present the fee application for the professionals in this case.

6. Attached hereto as an exhibit is an itemized statement ("Time Detail") of the legal services rendered. The Time Detail reflects the legal services rendered, the person who performed those services and a description of the work performed. The time expended by Trustee's attorneys

---

[4] The Trustee collected the Foreclosure Sale Proceeds. Ms. Pritchett asserted that she had owned the foreclosed real estate but had transferred it to Debtor to prevent foreclosure but who then

is sub-divided in the Time Detail into categories of services as follows:

(1) Employment of Professionals, Agents and Employees: time expended to obtain authorization for Trustee's employment of attorneys, and allowance and authorization to pay professionals, including but not limited to the final fee application;

4.5 hours ………………………........................$1,446.00

(2) Sales or Rental of Real Estate: time expended investigating the status of two parcels of real estate initially owned by Debtor, including much of the time negotiating a resolution;

68.7 hours……………………………………….$18,941.50

(3) Assist Creditors/Claims Objection: time expended reviewing and evaluating proof of claims and advising Trustee re same;

8.9 hours…………………………………….....$2,674.00

(4) General: time expended on general matters and services not amenable to categorization within other categories, or in regard to multiple categories;

10.1 hours……………………………....……....$3,582.50


7. Applicant's personnel who rendered legal services and the time expended by each person is as follows[5]:

| Attorney | Hours | Hourly Rate | Total |
|---|---|---|---|
| Andrew J. Maxwell (AJM),atty.: | 1.5 hrs @ | $440./hr = | $ 660.00 |
| Andrew J. Maxwell (AJM),atty.: | 6.8 hrs @ | $425./hr = | $ 2,890.00 |
| Andrew J. Maxwell (AJM),atty.: | 8.5 hrs @ | $415./hr = | $ 3,527.50 |
| Andrew J. Maxwell (AJM),atty.: | 27.5 hrs @ | $400./hr = | $11,000.00 |
| Jaclyn H. Smith(JHS),atty: | .4 hrs @ | $275./hr = | $ 110.00 |
| Jaclyn H. Smith(JHS),atty: | 5.8 hrs @ | $250./hr = | $ 1,450.00 |

---

failed to keep up with payments due.

[5] At some point, as the case became less and less economically viable, Maxwell ceased recording all of his time expended, so there is actually considerably more time expended than is recorded.

Debtor's attorney objected to the retention of one of the lawyers in Applicant's office because that attorney had previously been employed by the Debtor's attorney and may have been so employed at the time Debtor became a client of that law firm. That complicated staffing the case because one attorney could not 'cover' several matters in the same courtroom on the same day if this case was one of the cases being heard.

| | | |
|---|---|---|
| Jaclyn H. Smith(JHS),atty: | 16.4 hrs @ | $210./hr = $ 3,444.00 |
| Jaclyn H. Smith(JHS),atty: | 12.7 hrs @ | $175./hr = $ 2,222.50 |
| Vikram R. Barad(VRB), atty: | 2.0 hrs @ | $195/hr = $ 390.00 |
| Staff Rate[6]: | 1.4 hrs @ | $150./hr = $ 210.00 |
| Laura Koran (LAK),legal asst: | .9 hrs @ | $150/hr = $ 135.00 |
| Laura Koran (LAK),legal asst: | 2.3 hrs @ | $125/hr = $ 287.50 |
| Sarah K. Maxwell (SKM), law clerk: | .7 hrs @ | $ 75./hr = $ 52.50 |
| Elizabeth Sullivan(ES), law clerk: | .9 hrs @ | $ 50/hr = $ 45.00 |
| V. Cifaldi (VC), clerk: | 4.4 hrs @ | $ 50/hr = $ 220.00 |
| | Total | $26,644.00 |

8. Attached and made a part of the Time Detail is an itemized statement of the actual expenses necessarily incurred by the Applicant totaling $372.06, for which reimbursement is also sought. Each expense for which reimbursement is sought is not included in "overhead" used to calculate the hourly rates charged, and such expenses are charged at the same or higher rates to clients other than bankruptcy trustees. Each expense is specifically charged to a particular client matter - there is no pro-ration of "overhead" charges such as the maintenance of facsimile, or photocopy machine, or the rental of a postage meter.

9. Based on the nature, extent and value of services performed by the Applicant, the results achieved, and the costs of comparable services, the compensation and reimbursement of expenses sought are fair and reasonable.

10. At all times during Applicant's representation of the Trustee, Applicant was a disinterested person and neither represented nor held an interest adverse to the estate with respect to matters on which Applicant was employed.

11. Trustee's attorneys believe this Application and the detailed statement attached hereto comports with applicable case law regarding compensation of professionals. See: In re Continental Illinois Securities Litigation, 962 F.2d 566 (7th Cir. 1992); In re Covent Guardian Corp., 103 B.R. 937 (Bankr.N.D.Ill. 1989); In re Pettibone Corporation, 74 B.R. 293 (Bankr.N.D.Ill. 1987); and In re Wildman, 72 B.R. 700 (Bankr.N.D.Ill. 1987).

**WHEREFORE**, Applicant requests that it be allowed final compensation in the amount of

---

[6] "Staff rate" is a reduced hourly rate charged for particular services performed by attorneys which services might otherwise be performed by a paralegal at a lower billing rate.

$14,651.98 for legal services rendered and reimbursement of actual and necessary expenses in the additional amount of $372.06 incurred on behalf of the Trustee in this case.

> RESPECTFULLY SUBMITTED,
> Andrew J. Maxwell and Maxwell Law Group, LLC
> f/k/a Maxwell & Potts, LLC
>
> By: /s/ Andrew J. Maxwell
> One of the Attorneys for Trustee

Andrew J. Maxwell    (ARDC# 1799150)
Maxwell Law Group, LLC
105 West Adams Street, Suite 3200
Chicago, Illinois 60604
312/368-1138